UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------
FELIX HERNANDEZ,

                         Plaintiff,

           -against-

THE CITY OF NEW YORK,
DETECTIVE JORGE PUGA (TAX 924364), and
JOHN DOE,

                        Defendants.
--------------------------------------------------------------------------------

**FIRST AMENDED COMPLAINT**

JURY TRIAL DEMANDED

15 CV 3844 (GHW)

Plaintiff, FELIX HERNANDEZ, by and through his attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for his Complaint, respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States of America.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, FELIX HERNANDEZ, is, and has been, at all relevant times, a resident of the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. At all times hereinafter mentioned, DETECTIVE JORGE PUGA (Tax 924364) was a duly sworn member of the New York City Police Department and was acting under the supervision of said department and according to their official duties. Detective Puga is sued herein in his official and individual capacities.

10. At all times hereinafter mentioned, the Doe Defendant was a duly sworn member of the New York City Police Department and was acting under the supervision of said department and according to their official duties. The Doe Defendant is sued herein in his official and

individual capacities.

11. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

14. On or about April 21, 2015, at approximately 4:00 a.m., plaintiff FELIX HERNANDEZ, was lawfully present inside of his home at 55 E. 99th Street in New York County in the State of New York.

15. At that time and place the individually named defendants, including Defendant Puga, burst through the door and handcuffed all occupants of the apartment, including plaintiff.

16. The defendants then commenced to search plaintiff's apartment uncovering no evidence of criminal or unlawful activity whatsoever.

17. Despite the clear lack of evidence connecting him to any criminal or unlawful activity, defendants placed plaintiff in handcuffs.

18. At no time on or about April 21, 2015 did plaintiff commit any crime or violation of law.

19. At no time on or about April 21, 2015 did defendants possess probable cause to arrest plaintiff.

20. At no time on or about April 21, 2015 did defendants possess information that would lead a

reasonable officer to believe probable cause existed to arrest plaintiff.

21. Nevertheless, defendants thereafter transported plaintiff to a nearby precinct.

22. Plaintiff was thereafter held for approximately twenty hours before he was released with no charges pending against him when the New York County District Attorney declined to prosecute.

23. Additionally, plaintiff's phone was seized from him by the defendant officers as "arrest evidence."

24. Said phone has still not been returned despite diligent efforts by the plaintiff.

25. Plaintiff maintains a property interest in the phone and is being held without cause, justification, consent, and proper process.

26. As a result of the foregoing, plaintiff FELIX HERNANDEZ sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, loss of a constitutionally protected property interest, and deprivation of her constitutional rights.

27. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

28. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. §1983.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

30. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules

of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

31. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## FIRST CLAIM FOR RELIEF FOR
## FALSE ARREST UNDER 42 U.S.C. § 1983

32. Plaintiff FELIX HERNANDEZ repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

33. As a result of the defendants' conduct, plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

34. As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## SECOND CLAIM FOR RELIEF
## FOR DUE PROCESS VIOLATION UNDER 42 U.S.C. § 1983

35. Plaintiff, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

36. Plaintiff maintains a vested property interest in his phone.

37. Plaintiff is being denied that interest by the defendants acting under color of law.

38. Said deprivation continues without due process and in the absence of reasonable belief that such process was provided.

## THIRD CLAIM FOR RELIEF
## FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

39. Plaintiff, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

40. Defendants arrested, searched, and incarcerated plaintiff FELIX HERNANDEZ, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said search, arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety, and violate their constitutional rights.

41. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

42. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

43. Those customs, policies, patterns, and practices include, but are not limited to:

    i. requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    ii. requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    iii. failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

    iv. failing to properly train police officers in the requirements of the United States Constitution.

44. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF

NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

    i.    arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

    ii.    arresting individuals regardless of probable cause in order to positively affect precinct-wide statistics;

    iii.    falsifying evidence and testimony to support those arrests;

    iv.    falsifying evidence and testimony to cover up police misconduct.

45. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of plaintiff, FELIX HERNANDEZ.

46. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

47. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

48. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, plaintiff was placed under arrest unlawfully.

49. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

50. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly

responsible for the violation of plaintiff's constitutional rights.

51. All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, particularly their Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
March 21, 2016

                Respectfully submitted,

                **LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
                *Counsel for the Plaintiff*

                /s/
By:    JESSICA MASSIMI (JM-2920)
       32 Old Slip, 8th Floor
       New York, New York 10038
       (212) 962-1020